# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| AUDRA SHORT, | ) | Case No.: 3:20-cv-00431-RJC-WGC |
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| SIERRA NEVADA CORP., *et al.*, | ) | |
| Defendants. | ) | |

Plaintiff has filed this case, which is substantially similar to one that is pending before the Southern District of Florida. She has done so in order that she may preserve her claims as timely in the event the Florida case is dismissed for lack of personal jurisdiction. Because that case involves the same issues, parties, and claims, the Court sua sponte stays the instant case pending a resolution on the issue of personal jurisdiction and denies the pending motions without prejudice to be reconsidered upon a lift of the stay.

## FACTUAL BACKGROUND

According to the complaint, Defendant Sierra Nevada Corp. (SNC) and Defendant Embraer Defense & Security, Inc. (EDS) manufacture, sell, distribute, maintain, and supply A-29 Super Tucano airplanes. (ECF No. 1 Ex. A.) This model is considered to be a "light attack aircraft." The United Stated Air Force's invited manufacturers to present planes for a "capability

assessment" by which the Air Force could evaluate the products on the market. This assessment took place on June 22, 2018. Plaintiff's husband, Lt. Christopher Short, was a pilot for the United States Navy at that time and performed a test flight of an A-29 Super Tucano airplane from Defendants on Holloman Air Force Base. Tragically, this test flight resulted in a crash, wherein Lt. Short died. The plane crashed within the White Sands Missile Range (WSMR). Plaintiff on behalf of herself, as administrator of the estate of Lt. Short, and on behalf of their minor child brings suit against Defendants for negligence, failure to warn, breach of warranties, strict products liability, and loss of consortium.

Plaintiff brought this case in state court and Defendants removed. (*See* ECF No. 1.) In the petition for removal, Defendants claim that jurisdiction is proper under 28 U.S.C. § 1331 because WSMR is a federal enclave. (*Id.* ¶ 5.) Plaintiff seeks remand claiming that the WSMR is not a federal enclave. (ECF No. 21.) If this Court were to determine that it is not, Defendants move to amend the petition to include that Lt. Short started the flight on Holloman Air Force Base, which the parties agree is a federal enclave. (ECF Nos. 30, 34.) Plaintiff claims that amendment would be futile since where the injury occurred is determinative for jurisdiction based on a federal enclave. (ECF No. 46.)

Plaintiff has a similar lawsuit pending in the Southern District of Florida, involving the same claims and parties (except that the Florida case has two affiliate companies of Defendant EDS). There is a pending motion to dismiss Defendant SNC for lack of personal jurisdiction in that case, (*See* Order Extending Time for Completion of Jurisdictional Discovery, *Short v. Sierra Nevada Corp.*, Case No. 0:20-cv-61473-WPD, ECF No. 40), so Plaintiff brought the instant case to ensure that her claims against Defendant SNC will be timely. In the Florida case, Defendants likewise removed the case from state court, and Plaintiff argued that the case should be remanded claiming WSMR is not a federal enclave. The court denied Plaintiff's motion, stating:

> The Court agrees with the New Mexico federal judges that White Sands Missile Range is a federal enclave. Certainly, there is *de facto* federal jurisdiction. Moreover, the test flight originated in part of Holloman Air Force Base that was ceded to the federal government by the state. N.M.S.A. 1978 § 19-2-11, so that an amended removal would have resulted in federal jurisdiction.

(ECF No. 59 Ex. 1 (internal citations omitted).) Plaintiff is currently moving to have this order reconsidered or certified for appeal. (Motion for Reconsideration or Certification for Appeal, *Short v. Sierra Nevada Corp.*, Case No. 0:20-cv-61473-WPD, ECF No. 77.)

## LEGAL STANDARD

A district court has discretionary power to stay proceedings, sua sponte, in its own court. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Crown Cent. Petroleum Corp. v. Dep't of Energy*, 102 F.R.D. 95, 98 (D. Md. 1984) ("A federal court has inherent power to stay, sua sponte, an action before it." (citing *Landis*, 299 U.S. at 254–55)); *Rice v. Astrue*, C/A No. 4:06-cv-02770-GRA, 2010 WL 3607474, at *2 (D.S.C. Sept. 9, 2010) ("Court possesses the authority to hold a motion in abeyance if resolution of a pending matter will help clarify the current issues or make currently disputed issues moot."). The power to stay is "incidental to the power inherent in every court to control the disposition of the causes of action on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254; *Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 879 n.6 (1998); *see Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979) (finding a court may proceed in a manner that is "efficient for its own docket and the fairest course for the parties . . . ."). In exercising this judgment, the court must "rest on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). In doing so, the Court must weigh competing interests and maintain an even balance. *Id.*

///

## ANALYSIS

The Court finds that a stay is in order for this case. The case in the Southern District Florida is pending with the same claims and parties. If this Court were to proceed at this time, then the Court would duplicate expenditures of judicial resources and possibly result in contradictory opinions between the courts. Not only will such a stay preserve judicial resources but will also spare the parties the expense of relitigating the same issues in both forums. This Court therefore stays this case pending the Florida court ruling.

## CONCLUSION

IT IS HEREBY ORDERED that this case is stayed until further order from this Court.

IT IS FURTHER ORDERED that every sixty days from the entry of this Order, the parties shall submit a joint status report apprising this Court of the status of the case pending before the Southern District of Florida with Case No. 0:20-cv-61473-WPD.

IT IS FURTHER ORDERED that Motion to Remand (ECF No. 21) is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Motion to Extend Time (ECF No. 25) is DENIED AS MOOT.

IT IS FURTHER ORDERED that Motion to Amend the Removal Petition (ECF No. 34) is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated February 24, 2021.

_____
ROBERT C. JONES
United States District Judge